Chancellor Rutledge
afterwards delivered the following decree of the court:
*496 There are two questions in this rase — ■
1st. Whether interest is to be allowed’ on the arrear? of interest, due on a legacy, bequeathed by a father to hist daughter.
2d. Whether the portion, bequeathed to the daughter should be now raised.
The cases in the books say that this point rests in the discretion of the court, where such interest is not expressly given. It depends therefore on circumstances whether the. court will allow it. The case of Mayrant and Davis was cited to shew that the. court would not allow more, than simple interest. But in that case the expenses of the legatees were nearly equal to the interest of the legacy, and therefore there was no fund to accunKiet. There are many cases in the books which shew the allowance of interest on the arrears of annuity, particularly when given to a wife or child. And this case has been assimilated to an annuity, because the interest of the is expressly directed by the will of the father, to he annually paid and applied to the maintenance, education, use and behoof of his daughter, it was plainly the father’s in* Mention that the whole interest should be applied to the ase and benefit of the daughter; but as she was very young it was not possible she could expend so mucin. Wl'.zt was to become of the residue ? Surely not to lie. in executor’s Lands. But it was asked to whom was it to be paid, as the infants could not receive it and give discharges ? The answer is that if the executors had the. money, and had applied to this court, they would have been directed what to do and how to invest the balance* But it was at their own request the court suffered it to remain in their own hands, and did not order the interest to he raised annually, and the surplus vested for the benefit of the minor: it was an indulgence granted to the executors ■ because the estate was much in debt. The executors therefore, who are also legatees, come with an ill grace, under these circumstances, and on the above pretence, to refuse the allowance of interest, on the arrears of the annual interest arising on the legacy or por* *497 'km: especially as they have held and'enjoyed the estate ol‘ the testator. Interest must he allowed.
Decree. The master to make a statement of the account, allowing interest on the yearly balance of interest, deducting the years of the war, and until 1785, before which no interest on arrears, was legally demanded.
On the second point, the court does not see the smallest reason for not raising the portion itself. Seventeen years have elapsed since the testator’s death, and not a penny is raised. Defendants have liad great indulgence. The suggestion of the doubt whether complainant would ever he entitled to receive her legacy, is not of sufficient weight to induce the court to delay the payment. One of the events, that of marriage has occurred upwards of two years. It is time the portion was raised. But as the sum is considerable, the court will direct that it shall be raised by instalments.
Decreed that defendants pay to complainants on the 1st day of March next, one half of the. principal and interest, bequeathed to- his wife, by her father, which the master shall report to be, now due, with interest thereon: and the remaining moiety shall be paid on the 1st of March, 1798, with interest. Costs to he paid out of the «'state of the testator.